IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID M. KONO, et al.,<br><br>        Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:06-CV-256 TC |

       This matter is before the court on the question of whether pro se Plaintiff Aaron Raiser's March 28, 2006 Complaint has merit. The matter was referred to the United States Magistrate Judge Samuel Alba. The referral order directed the magistrate judge to "review this case to determine whether the action is meritorious, duplicative or frivolous and therefore subject to dismissal pursuant to filing restrictions imposed on Mr. Raiser by an order entered by Chief Judge Dee Benson on April 14, 2006." (Dkt # 12.)

       Judge Alba issued a Report and Recommendation (R&R) (Dkt # 15) in which he (1) concluded that Plaintiff's case lacks merit and (2) recommended dismissal of Plaintiff's Complaint. Mr. Raiser filed an untimely objection (Dkt # 34) to the Report and Recommendation.[1] He also filed a First Amended Complaint, which was not reviewed by Judge

---

[1] Mr. Raiser filed a Motion for Extension of Time and a Second Motion for Extension of Time to object to the R&R. Those motions are granted. The court has considered Mr. Raiser's objection (incorrectly styled as "Response to OSC").

Alba and is not the subject of the R&R.

After Judge Alba issued his R&R, Mr. Raiser filed a Motion for 28 U.S.C. § 455 Recusal of Judge Alba. Mr. Raiser also filed a Motion for 28 U.S.C. § 455 Recusal of Chief Judge Dee Benson, and a "Motion to Stay Proceedings Pending Appellate Review of 2006mc00382" (in which he requests a stay pending appellate review of the Judge Benson Order quoted in the referral order).

**A.    Mr. Raiser's Motion for 28 U.S.C. § 455 Recusal of Chief Judge Dee Benson and Motion to Stay**

Mr. Raiser bases his motion to recuse on Judge Benson's April 18, 2006 Order designating Mr. Raiser as a restricted filer, and the language of the referral order that quoted Judge Benson's April 2006 Order.

Because Mr. Raiser filed his Complaint on March 28, 2006 (before he became a restricted filer), Judge Benson's Order does not directly apply. That is, contrary to Mr. Raiser's contention, Judge Benson does not have "final say in this case as to whether it goes forward." (See Dkt # 24 at 2.) Moreover, the R&R does not conclude that dismissal is appropriate because of Mr. Raiser's restricted filer status. Instead, it looks at the merits of the complaint based on issues such as jurisdiction (e.g., the Rooker-Feldman doctrine) and immunity doctrines.

Accordingly, Mr. Raiser's Motion for Recusal of Judge Benson is DENIED. For similar reasons, Mr. Raiser's "Motion to Stay Proceedings Pending Appellate Review of 2006mc00382" is DENIED.

**B.    Mr. Raiser's Motion for Recusal of Magistrate Judge Samuel Alba**

Mr. Raiser moves for recusal of Magistrate Judge Samuel Alba under 28 U.S.C. § 455.

Section 455 provides, in pertinent part, that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might <u>reasonably</u> be questioned.

28 U.S.C. § 455(a) (emphasis added).

Mr. Raiser bases his motion on three grounds: (1) "the way he was treated by the secretary answering the phone on about May 22, 2006[,] for [M]agistrate Alba who continually interrupted Plaintiff and then hung up on him when he asked her if she would let him finish" (Mr. Raiser "<u>assume[s]</u> that her attitude towards Plaintiff is shared by Magistrate Alba"); (2) "the magistrate has some type of contractual relationship with BYU [Brigham Young University]"[2] regarding hiring of interns, and the alleged contract "shows possible bias and the potential for such" because "the magistrate might not want to rule against BYU as it might cause offense to the interns or to BYU"; and (3) assuming, without evidence, that Magistrate Judge Alba is a member of the Church of Jesus Christ of Latter Day Saints (the LDS Church), such alleged affiliation would necessarily bias Judge Alba in favor of the LDS Church and its private educational institution, Brigham Young University.  (<u>See</u> Dkt #'s 20, 21.)

Mr. Raiser's motion for recusal is based on speculation.  "[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.  [Plaintiff] must state with required particularity the identifying facts of time, place, persons, occasion and circumstances." <u>Hinman v. Rogers</u>, 831 F.3d 937, 939 (10th Cir. 1987) (internal citation omitted).  Mr. Raiser's conclusory statements regarding Magistrate Judge Alba's alleged bias are not backed up by any

---

[2]BYU is a Defendant.

evidence of time, place, persons, occasion or circumstances. Mr. Raiser does not provide any valid basis for believing that Magistrate Judge Alba's impartiality might reasonably be questioned, and so his motion for recusal is DENIED.

### C. Magistrate Judge Alba's Report and Recommendation and Mr. Raiser's First Amended Complaint

By filing his First Amended Complaint in August 2006, Mr. Raiser technically mooted Judge Alba's R&R, which focused on the now-superceded initial Complaint. But the court has conducted a de novo review of the issues and finds that Judge Alba's conclusion regarding Mr. Raiser's March 2006 Complaint is correct. Furthermore, Mr. Raiser's First Amended Complaint presents the same problems addressed in Judge Alba's R&R, and his amendments do not cure the deficiencies identified in the R&R. See also 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"); McKinney v. State of Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (allowing court to sua sponte dismiss pro se litigant's complaint for failure to state a claim when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile"). For substantially the same reasons set forth in the R&R, the court finds that Mr. Raiser's First Amended Complaint lacks merit. Accordingly, Mr. Raiser's First Amended Complaint is DISMISSED.

### ORDER

For the reasons set forth above, the court orders as follows:

1. Mr. Raiser's first Motion for Extension of Time (Dkt # 17) and second Motion for

Extension of Time (Dkt # 29) are GRANTED.

    2.    Mr. Raiser's Motion for 28 U.S.C. § 455 Recusal of Chief Judge Dee Benson (Dkt # 23) is DENIED.

    3.    Mr. Raiser's Motion for 28 U.S.C. § 455 Recusal of Magistrate Judge Samuel Alba (Dkt # 20) is DENIED.

    4.    Defendant Fred Howard's Motion to Dismiss (Dkt # 18) is DENIED as MOOT.

    5.    Defendant Jon Huntsman's Motion to Dismiss (Dkt # 35) is DENIED as MOOT.

    6.    Mr. Raiser's Motion to Stay Pending Appeal (Dkt # 25) is DENIED.

    7.    The Clerk of the Court is directed to close the case.

DATED this 25th day of September, 2006.

                      BY THE COURT:

                      */s/ Tena Campbell*
                      TENA CAMPBELL
                      United States District Judge